[No. 33951.   Department One.   March 21, 1957.]

MERTON G. MURK, *Appellant,* v. DONALD E. KNUTSEN *et al.,* *Respondents.*[1]

*Abrams, McCush & Rinker,* for appellant.

*R. W. Greene* and *David E. Rhea,* for respondents.

MALLERY, J.—On October 1, 1953, plaintiff Murk bought a television cable system in Bellingham, Washington, from defendant Knutsen for the sum of six thousand dollars. About six months later, he brought this action for rescission of the contract, upon the ground that defendant Knutsen had fraudulently misrepresented (1) the condition of the television cable system and (2) the number of its paying customers.

The television cable system was about five miles long and was situated between Squalicum creek, Eldridge avenue, Ellis street, and Coolidge drive. The system consisted of antenna, cables, poles, leads, boosters, and equipment connected therewith and used for maintenance.

The court entered a judgment in favor of defendants, which denied rescission of the contract, gave defendant

[1]Reported in 308 P. (2d) 687.

Knutsen judgment for the balance of the purchase price, and judgment for moneys collected by plaintiff for services to customers rendered prior to the sale.

The plaintiff appeals. He brings only questions of fact to this court.

Appellant assigns as error the court's findings that, at the time of the sale, the television cable system was in good working condition, and that there had been no fraudulent misrepresentations regarding it. The record supports the trial court's position in this matter.

Appellant assigns as error the court's finding that no fraudulent misrepresentation had been made with regard to the number of customers of the system. It was appellant's theory that respondent Knutsen made an *oral* representation that there were ninety-two paying customers, upon which he relied. He tried to show there were, in fact, only fifty-four.

The court found that respondent Knutsen's representations regarding the number of customers were contained in the television cable system's ledger, which appellant examined, and which was turned over to appellant as a part of the business.

The respondent testified that the complete and accurate data regarding customers was contained in the first three pages of the ledger. The data had been removed, when the ledger was produced at the trial.

The appellant was accused of tampering with the ledger, and, upon cross-examination, he testified:

"Q. Did you ever take out any lists, three pages, bearing the— A. (Interposing) I can't remember taking any out. I wouldn't say that there was one or wasn't one, but I don't remember taking any out."

It was not error for the trial court to disbelieve appellant's testimony concerning oral representations made by respondent Knutsen, or to believe that appellant tampered with the ledger.

We find no merit in the assignment of error relating to some possible interest, which appellant suggests, respondent

Knutsen's father may have had in the transaction. If the appellant had wanted to litigate the father's interest in the matter, the burden was upon him, as plaintiff, to join the father as a defendant, which he did not do.

The judgment is affirmed.

HILL, C. J., FINLEY, ROSELLINI, and OTT, JJ., concur.