494 P.2d 72

Guerdon JACKSON and Maxine M. Jackson, his wife, Appellants,

v.

HARMY CORPORATION, Inc., an Arizona corporation, et al., Appellees.

No. 2 CA–CIV 1058.

Court of Appeals of Arizona, Division 2.

March 1, 1972.

Lesher & Scruggs, by Edgar F. Rucker, Tucson, for appellants.

Mesch, Marquez & Rothschild, by John K. Mesch, Jr., Tucson, for appellees.

HATHAWAY, Judge.

This appeal arises from litigation concerning the sale of certain real and personal property to the Jacksons in 1969. The Jacksons sought rescission of the sale, cancellation of all documents pertaining thereto and a specified sum of money for sums expended by them after the sale. The alleged basis for rescission was that the defendants had fraudulently induced them to purchase the property. The defendants in their responsive pleading, admitted the alleged details of the sale itself and that plaintiffs had purchased the property for the purpose of continuing thereon the operation of an oil refining business under the name and style of Amri Oil, under which name the same type of business operation had been carried on for many years by defendants Harrison.

The allegations with respect to the asserted fraud were denied and the defendants counterclaimed for the principal balance due on the note executed by the plaintiffs as part of the purchase price and for foreclosure of the mortgage given as security therefor. The case was tried to the court, sitting without a jury, and judgment was rendered in favor of the defendants both as to plaintiffs' claim and defendants' counterclaim.

■ Findings of fact or conclusions of law were neither requested nor made. Therefore we must assume the trial court made all necessary findings of fact essential to support the judgment. Bud Antle, Inc. v. Gregory, 7 Ariz.App. 291, 438 P.2d 438 (1968). The plaintiffs' position was that they had been fraudulently induced to buy the subject property because of certain misrepresentations as to the annual net income of the business conducted thereon, the cost of production and the selling price of the product, and the extent of the property acquired. They contended that the yearly net income was represented to be $18,000, that the cost of production was represented to be twenty cents per gallon and the selling price thirty cents per gallon, and that pursuant to these representations and the belief that they were acquiring the realty on which a well, pump and sump hole were located, they made the purchase.

■ It is well settled that the party alleging fraud has the burden of proving it by clear and convincing evidence. Gardner v. Royal Development Company, 11 Ariz. App. 447, 465 P.2d 386 (1970). Failure to prove a misrepresentation is fatal to an action for rescission. Han v. Horwitz, 2 Ariz.App. 245, 407 P.2d 786 (1965).

■ As to the alleged "net income" representations, the plaintiffs testified that at a meeting with the Harrisons they were told by them that the business operation had a net income of $18,000. They also introduced into evidence the written listing given to the real estate broker who handled the transaction, an exhibit which was not made part of the record on appeal. At the trial, the Harrisons denied making such statements and the plaintiffs themselves admitted that they had never seen the written listing until some time after consummation of the transaction. The trial judge apparently did not believe the plaintiffs' testimony as to the oral representation, as it well could, Murk v. Knutsen, 50 Wash.2d 37, 308 P.2d 687 (1957), and since it was flatly contradicted by the defendants, we do not interfere with the trial court's resolution of this conflict in the testimony. Pacific Odorite Corp. v. Gersh, 94 Cal. App.2d 174, 210 P.2d 318 (1949). These same principles dispose of the purported statements concerning costs and selling price of the business product, since the defendants' testimony about the discussions concerning same contradicted that of the plaintiffs.

■ As another basis for rescission, the plaintiffs complained of the fact that they purchased from the defendants two wells and one of them, a pump and sump hole, were located on forty feet of property

which the defendants had previously deeded to Pima County for easement purposes. Mr. Jackson, an engineer, had been advised that a survey had not been made and before the transaction was closed, he himself paced off the property. Furthermore, all of the documents involved in closing the transaction made reference to the easement. Mr. Jackson testified that when he toured the property with Mr. Harrison, inspection revealed that one well was outside a chain-link fence surrounding the business plant whereas the other was inside. When questioned about whether there was any conversation about those wells he responded:

> "Nothing more than the fact that there are the wells, just like there are the tanks and there is the contractor and there are the pipes, still, and what have you."

Assuming arguendo that the statement in the list of equipment being conveyed to the Jacksons included "two water wells with pressure tanks" constituted a representation, we do not believe that in the face of the document reciting an exception of forty feet (the property previously deeded to the county), the Jacksons had a right to believe that both wells were located on property being conveyed to them.

Since there is sufficient evidentiary support for a finding that the defendants made no misrepresentations which "caused" the plaintiffs to enter into the contract, we affirm. Rein v. Dvoracek, 79 N.M. 410, 444 P.2d 595 (1968).

Judgment affirmed.

KRUCKER, C. J., and HOWARD, J., concur.